IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DWAYNE H. SMITH                                                            PETITIONER

vs.                          CASE NO.     **4:95CR00019**

UNITED STATES OF AMERICA                                  RESPONDENT

## **ORDER**

On June 3, 1996, a jury found petitioner guilty of aiding and abetting an interstate murder-for-hire in violation of 18 U.S.C. § 1958 (a) and 2. He was sentenced on December 11, 1996, to life imprisonment. He appealed his conviction to the Eighth Circuit Court of Appeals, which affirmed his conviction on August 8, 1997. *United States v. Davidson*, 122 F.3d 531 (8th Cir. 1997).

On June 21, 1999, the Court granted petitioner's motion for post-conviction relief under 28 U.S.C. § 2255. The Court found that petitioner's trial counsel had provided ineffective assistance of counsel in failing to argue that petitioner should be sentenced under the version of section 1958 in effect at the time the offense was committed, which authorized a sentence for any term of years or for life, rather than the subsequent amendment which provided for life imprisonment when death results.

Petitioner was resentenced to life imprisonment. He appealed that sentence to the Eighth Circuit Court of Appeals, which affirmed the Court's judgment. *United States v. Smith*, 232 F. 3d 650 (8th Cir. 2000). Petitioner then filed another motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255.

The Court, on June 10, 2001, entered judgment denying the § 2255 motion. On February 4, 2004, the Eighth Circuit Court of Appeals issued its mandate denying the

-1-

certificate of appealability.

On December 28, 2005, petitioner has filed a motion to recall the mandate, stating that his sentence was unconstitutionally enhanced. The Court found no basis for recalling the mandate or reconsidering the Order denying the § 2255 motion. In particular, the Court found that any arguments based on *United States v. Booker*, 125 S. Ct. 738 (2005) are barred because *Booker* is not applicable to criminal convictions that became final before *Booker*. *Never Misses a Shot v. United States*, 413 F. 3d 781, 783 (8th Cir. 2005).

Petitioner has now filed another motion to recall mandate and to appoint counsel. He contends that the recent Supreme Court ruling in *Cunningham v. California*, 127 S. Ct. 856 (2007) applies to his case and that his sentence was unconstitutionally enhanced.

A few cases have addressed whether *Cunningham* should be applied retroactively to convictions that were final prior to its decision. As the district court stated in *Hally v. Scribner*, 2007 WL 809710, *2 (E. D. Cal. 2007), "[b]ecause petitioner's conviction became final before *Blakely* and because the decision in *Cunningham* depended on the new rule announced in *Blakely*, the court finds that *Cunningham* would not apply retroactively to convictions that were final prior to its publication. In other words, *Cunningham* does not retroactively apply to petitioner's conviction . . .

As petitioner's conviction became final long before this year's decision in *Cunningham,* the Court finds that *Cunningham* does not apply to this case.

Accordingly, the motion for to recall the mandate and for appointment of counsel is denied.

IT IS SO ORDERED this 30th day of March, 2007.

*George Howard, Jr.*
_____
UNITED STATES DISTRICT JUDGE