IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DWAYNE H. SMITH                                                                                          PETITIONER

v.                                    Case No. 4:95CR00019-05 JLH

UNITED STATES OF AMERICA                                                                      RESPONDENT

**OPINION AND ORDER**

Dwayne Smith has filed a petition for writ of error *audita querela* under 28 U.S.C. § 1651, the All Writs Act. Smith asserts that his life sentence, which was imposed in 1996, is unconstitutional under the Supreme Court's subsequent decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Smith asks this Court to reopen his case and resentence him in light of *Booker*. For the following reasons, Smith's petition is denied.

The writ of *audita querela* is a common law writ to obtain equitable relief from a legal judgment because of some defense arising after entry of a judgment. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (citing 7 AM. JUR. 2d *Audita Querela* § 1 (1997)). The writ survives in the criminal context under the All Writs Act and *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954), but only to the extent that it fills a "gap" in the current systems of post-conviction relief. *Id.* "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429, 116 S. Ct. 1460, 1467, 134 L. Ed. 2d 613 (1996) (quoting *Pennsylvania Bureau of Correction v. Untied States Marshals Service*, 474 U.S. 34, 43, 106 S. Ct. 355, 361, 88 L. Ed. 2d 189 (1985)). Where a prisoner seeks to challenge his sentence, he generally must do so under 28 U.S.C. § 2255, unless he can show that the remedy under § 2255 would be inadequate or ineffective.

*Abdullah v. Hedrick*, 392 F.3d 957, 959-60 (8th Cir. 2004). Section 2255 is not inadequate or ineffective merely because the claim was raised in a § 2255 motion and denied. *Id.*

In *Kessack v. United States*, the Western District of Washington held that the writ of *audita querela* was available to a prisoner challenging the constitutionality of a sentence imposed prior to *Booker* "because *Booker* announced a new rule of constitutional law that was unforeseeable at the time of his sentencing, appeal, and habeas petitions." *Kessack v. United States*, 2008 WL 189679, at *6 (W.D. Wash. Jan. 18, 2008). However, the petitioner in *Kessack* had not sought earlier relief under § 2255, and his case presented "truly extraordinary circumstances and equities." *Id.* at *5. The court did not address whether *Booker* could apply retroactively. *Id.* at *6. In *United States v. Cox*, Judge Thomas Eisele, sitting in this district, distinguished *Kessack* and held that a writ of *audita querela* was inappropriate where *Booker* did not affect the statute pursuant to which the petitioner was sentenced, meaning that there was "no legal defect or fundamental error in the original proceeding or in the sentence." *United States v. Cox*, 2008 WL 927695, at *1 (E.D. Ark. Apr. 3, 2008).

As did the petitioner in *Cox*, Smith relies primarily on *Kessack*, and, as was the case in *Cox*, the writ is inappropriate here. Smith has not shown that 28 U.S.C. § 2255 is inadequate or ineffective. He has already filed two motions for post-conviction relief pursuant to that statute. This Court granted Smith's motion to vacate and set aside his life sentence pursuant to § 2255 on June 21, 1999, for ineffective assistance of counsel. (Docket #309). On September 27, 1999, he was again sentenced to life in prison. (Docket #333). The Eighth Circuit affirmed. *United States v. Smith*, 232 F.3d 650 (8th Cir. 2000). On June 19, 2001, this Court denied Smith's second § 2255 motion.

(Docket #361). The Eighth Circuit then denied his application for a certificate of appealability on February 4, 2002. (Docket #365).

After the Supreme Court's holding in *Booker*, Smith filed a motion arguing that his sentence had been unconstitutionally enhanced. (Docket #366). This Court denied that motion because *Booker* did not apply to criminal convictions that became final prior to *Booker*, citing *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005). (Docket #367).

After the Supreme Court's holding in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007),[1] Smith filed another motion arguing that his sentence was unconstitutionally enhanced. (Docket #369). This Court again denied the motion because *Cunningham* did not apply retroactively to convictions that were final prior to its publication. (Docket #371).

Smith filed his petition for writ of *audita querela* on June 16, 2009, arguing that traditional post-conviction relief is unavailable and that *Booker* has made his sentence unconstitutional. Smith has sought relief under § 2255 more than once, and obtained the relief sought on one occasion. Smith previously argued that *Booker* should apply retroactively, and this Court has already rejected that argument. *Booker* did not alter the statute pursuant to which Smith was sentenced. There was no "legal defect or fundamental error in the original proceeding or in the sentence" Smith received. *Cox*, 2008 WL 927695, at *1. Furthermore, there is no "gap" to be filled in Smith's access to post-conviction relief, so a writ of *audita querela* would not be appropriate. *Cf. Oriakhi v. United States*, 2008 WL 1781017 (D. Md. April 16, 2008).

---

[1] The Supreme Court held that California's sentencing law, which authorized the judge, not the jury, to find facts by a preponderance fo the evidence violated a defendant's right to a jury trial. *Cunningham*, 549 U.S. at 288-89, 127 S. Ct. at 869.

For the foregoing reasons, Smith's petition for writ of error *audita querela* is DENIED. Docket #373. Smith's application to proceed without prepayment of fees is DENIED as moot. Docket #374.

IT IS SO ORDERED this 15th day of September, 2009.

                                                          */s/ J. Leon Holmes*
                                                J. LEON HOLMES
                                                UNITED STATES DISTRICT JUDGE