**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DWAYNE HAROLD SMITH                                             PETITIONER

v.                                        NO. 4:95CR00019-05 JLH

UNITED STATES OF AMERICA                                        RESPONDENT

## OPINION AND ORDER

Dwayne H. Smith has filed a motion collaterally attacking his conviction and sentence pursuant to 28 U.S.C. § 2255. Smith was convicted by a jury of murder for hire in violation of 18 U.S.C. § 1958(a). He was sentenced to life imprisonment. The judgment and commitment order was entered on January 6, 1997. The United States Court of Appeals affirmed and issued its mandate on October 14, 1997. Smith petitioned the Supreme Court for a writ of certiorari, which was denied.

On February 25, 1999, Smith filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court[1] granted the motion and set aside the life sentence. The Court then held a resentencing and at the resentencing again sentenced Smith to a term of life imprisonment. The judgment and commitment order was entered on September 27, 1999. The Eighth Circuit affirmed and issued its mandate on September 22, 2000.

On February 12, 2001, Smith filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argued in part that his sentence had been unconstitutionally enhanced based on a sentencing factor—that a murder occurred—found by the court rather than by the jury, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000),

---

[1] The Honorable George Howard, Jr., who died on April 21, 2007.

and *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999). The Court

denied that motion on June 19, 2001, and denied a motion for certificate of appealability. In denying

the motion, the court cited *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), for the proposition

that *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), bars a petitioner from

raising an *Apprendi* issue on collateral review. The court also held that even if such a claim could

be raised it was without merit, in part because the parties stipulated that the murder had occurred.

Smith moved the Eighth Circuit to issue a certificate of appealability. The Eighth Circuit denied the

motion for certificate of appealability and issued its mandate on February 4, 2002.

On December 28, 2005, Smith filed a motion to recall the mandate,[2] arguing that his sentence

had been unconstitutionally enhanced. This Court denied the motion on January 11, 2006. Smith

then filed another motion to recall the mandate on March 2, 2007, again arguing that his sentence

had been unconstitutionally enhanced based on fact-finding by the judge. This Court denied that

motion on March 30, 2007.

On June 16, 2009, Smith filed a petition for writ of error audita querela under 28 U.S.C.

§ 1651, the All Writs Act, again contending that his life sentence is unconstitutional. The Court

denied that petition on September 15, 2009.

Smith now has again filed another motion seeking to have his life sentence set aside as

unconstitutional.[3]

---

[2] It is not clear what mandate Smith wanted recalled. A mandate issues from an appellate court, not a trial court, but Smith filed his motion in this Court, not in the Eighth Circuit. This Court addressed the motion as a motion for reconsideration.

[3] Smith raises other arguments, all of which he has raised in prior motions.

Rule 4 of the Rules Governing Section 2255 Proceedings provides that the court must promptly forward such a motion to the judge who conducted the trial and imposed sentence or, if that judge is not available, to a judge under the court's assignment procedure. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. The record here conclusively shows that Smith is not entitled to relief.

Twenty-Eight U.S.C. § 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When a convicted person appeals a conviction, the conviction becomes final when the Supreme Court affirms the conviction on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003). As noted, the judgment and commitment order was entered resentencing Smith to life imprisonment on September 27, 1999, more than eleven years ago.

Smith filed a notice of appeal.  The Eighth Circuit affirmed on January 3, 2001.  Smith had ninety days from that date in which to petition the Supreme Court for a writ of certiorari.  S. Ct. R. 13.1. He did not file such a petition.  The one year period of limitations therefore began to run ninety days after January 3, 2001, and expired near the beginning of the second quarter of 2002, unless one of the other provisions in subsection 2255(f) apply.  Subsection (f)(2) does not apply because Smith does not contend that he was impeded from making his motion by government action.  Smith contends that his sentence is unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  *Apprendi* was decided in 2000.  *Apprendi* has not been made retroactively applicable to cases on collateral review.  Assuming *Apprendi* could apply, the one year period of limitations under subsection 2255(f)(3) would have begun to run when *Apprendi* was decided, and the period of limitations would have expired one year later.  Finally, subsection (f)(4) does not apply because Smith does not contend that any facts supporting his claim or claims have been discovered within one year prior to his filing the present section 2255 motion.

In order to avoid the one year period of limitations from subsection (f), Smith argues that his instant section 2255 petition is an amendment to his previous section 2255 petition and that the amendment relates back to that motion pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure.  Because the Court has already issued a ruling on Smith's previous section 2255 petitions, his instant section 2255 petition can only relate back to an earlier petition pursuant to a Rule 15 amendment, "if the judgment has been altered or set-aside pursuant to a successful motion under Rule 59(e) or 60." *Louis v. United States*, 2003 WL 721674, *1 (D. Minn. 2003).  Smith has failed to seek relief under either Rule 59(e) or Rule 60.  Therefore, his instant section 2255 petition cannot amend an earlier petition so as to relate back to a previous one.

Even if Smith had brought a motion under either rule, he is not entitled to relief. First, his instant petition does not fall within Rule 59(e)'s twenty-eight day filing period. Second, Smith is barred from asking this Court to set aside the ruling respecting his previous section 2255 petition based on Rule 60. Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Nearly ten years have passed since the Court entered its order denying Smith's prior section 2255 petition. Further, he has filed multiple motions between that section 2255 petition and his instant section 2255 petition. Smith's instant petition was not filed within one year nor within a reasonable time of a prior section 2255 petition and, therefore, is untimely pursuant to Rule 60(c). Moreover, the Court can perceive no reason to set aside or alter the order denying Smith's previous section 2255 petition. Smith offers no evidence of mistake, newly discovered evidence, fraud, or any other reason justifying relief from the prior judgments and orders of the Court. *See* Fed. R. Civ. Proc. 60(b).

Finally, Smith argues that his habeas counsel was ineffective "for not holding [Smith's] original § 2255 petition in abeyance so that he would have a chance to raise any other § 2255 claims[.]" Since his 2001 section 2255 petition was a *pro se* motion, Smith must be referring to his counsel's performance respecting his 1999 section 2255 petition, which the Court granted. Regardless, to the extent that Smith contends that ineffectiveness of post-conviction counsel affects the timeliness of the instant petition, his argument is without merit. "There is no constitutional right to effective assistance of counsel in habeas proceedings." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). Further, "where there is no constitutional right to counsel there can be no deprivation of effective assistance[.] *Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007). As

a matter of law, Smith cannot avoid the bar of limitations by arguing that post-conviction counsel was ineffective.

The record conclusively shows that Smith's section 2255 petition is barred by the one year period of limitations.[4]  Therefore, the motion is dismissed with prejudice.  Because no reasonable jurist could hold that Smith's section 2255 petition is timely, no certificate of appealability will be issued.

IT IS SO ORDERED this 15th day of April, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[4] District courts in the Eighth Circuit have *sua sponte* dismissed section 2255 motions as untimely pursuant to subsection (f) without requiring a response from the United States.  *See*, *e.g.*, *Ayodele v. United States*, CR07-40055-1, 2010 WL 3167404 (D. S.D. Aug. 9, 2010); *Fowler v. United States*, 2009 WL 3258483 (D. S.D. Oct. 9, 2009); *Eimers v. United States*, 2009 WL 412697 (D. S.D. Feb. 18, 2009); *Sharpe v. United States*, 2006 WL 355244 (D. N.D. Feb. 15, 2006); *Pherigo v. United States*, 2006 WL 286978 (E.D. Mo. Feb. 6, 2006); *Cook v. Moore*, 2006 WL 176107 (E.D. Mo. Jan. 24, 2006); *United States v. Campa-Fabela*, 209 F. Supp. 2d 968 (S.D. Iowa 2002) *aff'd Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003).